UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PATRICK JACKSON,

                              Movant,

            -against-                                        16-cv-0432 (LAK)
                                                          (00-cr-0285 (LAK))

UNITED STATES OF AMERICA,

                              Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

            Appearances:

                              Barry D. Leiwant
                              FEDERAL DEFENDERS OF NEW YORK
                              *Attorney for Movant*

                              Lara Pomerantz
                              Assistant United States Attorney
                              PREET BHARARA
                              UNITED STATES ATTORNEY

LEWIS A. KAPLAN, *District Judge.*

            On July 6, 2000, Patrick Jackson was convicted by a jury of one count of being a
felon in possession of a firearm and one count of being a felon in possession of ammunition, each
in violation of 18 U.S.C. § 922(g)(1).  He was sentenced under the Armed Career Criminal Act
(the "ACCA") principally to concurrent terms of imprisonment of 235 months and concurrent terms
of supervised release of five years.  This matter now is before the Court on Jackson's motion to
vacate his sentence, pursuant to 28 U.S.C. § 2255, in light of the Supreme Court's decision in

*Johnson v. United States.*[1]

*Background*

*The Original Sentencing*

   *The Guidelines*

        In 1984, Congress enacted the Sentencing Reform Act (the "Act") "to enhance the ability of the criminal justice system to combat crime through an effective, fair sentencing system"—one that is honest, reasonably uniform, and proportional.[2]  To that end, Congress provided for the development of guidelines by the United States Sentencing Commission (the "Commission"), an independent agency in the judicial branch.[3]  The Act "direct[ed] the Commission to create categories of offense behavior and offender characteristics" and "to prescribe guideline ranges that specify an appropriate sentence for each class of convicted persons determined by coordinating the offense behavior categories with the offender characteristics categories."[4]  The guidelines—the *United States Sentencing Guidelines Manual* (the "Guidelines")—took effect November 1, 1987 and have been amended periodically since then.[5]

        In determining the appropriate sentence to impose upon Jackson, the Court was

---

[1]     135 S. Ct. 2551 (2015).

[2]     U.S. Sentencing Guidelines Manual ch. 1, pt. A (2000).

[3]     *Id.*

[4]     *Id.*

[5]     *Id.*

required, among other things, to calculate the applicable sentencing range under the Guidelines.[6] According to the presentence report, Jackson had a base offense level of 24 and a criminal history category of VI[7] which yielded a Guidelines range of 100 to 125 months' imprisonment.[8]   A conviction under Section 922(g)(1), however, ordinarily is punishable by a maximum of ten years' imprisonment (and three years of supervised release).[9]   In ordinary circumstances then, Jackson's sentence on each count would have been capped at 120 months.  But in Jackson's case, there were other factors at play.

*The ACCA Enhancement*

Under the ACCA, a defendant who "violates Section 922(g) and has three previous convictions . . . for a violent felony" is subject to a mandatory minimum of fifteen years' imprisonment and a maximum of life,[10] followed by up to five years of supervised release.[11]   The ACCA defines "violent felony" as

"any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical

---

[6]   18 U.S.C. § 3553(a)(4).

[7]   Presentence Report ¶¶ 32, 61-62.

[8]   U.S. Sentencing Guidelines Manual ch. 5, pt. A (2000).

[9]   18 U.S.C. § 924(a)(2).

[10]   18 U.S.C. § 924(e).

[11]   *Compare* 18 U.S.C. § 3559(a), *with* 18 U.S.C. § 3583(b).

force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."[12]

The italicized portion of this definition has come to be known as the ACCA's residual clause.[13]

At sentencing, the government requested an enhanced sentence for Jackson under the ACCA on the grounds that he had been convicted previously of three felonies, including a 1986 conviction for the Florida crime of escape.[14]   The pivotal question thus raised was whether escape constituted a violent felony.[15]    Relying on the residual clause, the Court held that it did.[16] Accordingly, it adopted the presentence report and the Guidelines range calculated therein.[17]

*The Sentence*

The ACCA enhancement increased the statutory penalty for each of Jackson's two counts of conviction from a *maximum* of ten years to a mandatory *minimum* of fifteen years' imprisonment, and from a maximum of three years to a maximum of five years of supervised

---

[12]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

[13]

*Johnson*, 135 S. Ct. at 2556.

[14]

*See* DI 88 Ex. A, at 6-11.

[15]

The parties did not dispute that Jackson's two other prior convictions qualified as violent felonies.

[16]

DI 88 Ex. A, at 15.

[17]

DI 88 Ex. A, at 16.

5

release.    Moreover,  Section  4B1.4  of  the  Guidelines,  the  "Armed  Career  Criminal"  provision,
increased Jackson's Guidelines range from 100 to 125 months' imprisonment to 235 to 240 months'
imprisonment  on  the  basis  that  Jackson  was  "subject  to  an  enhanced  sentence  under  the  provisions
of [Section 924(e)]."[18]

   At the time of Jackson's sentencing, the Guidelines were mandatory—the  Court  was
required to "impose a sentence . . . within the [Guidelines] range," unless it found that the
circumstances warranted a departure.[19]   The Guidelines permitted departures from the  prescribed
sentencing range only where the judge found that "there exist[ed] an aggravating or mitigating
circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing
Commission in formulating the guidelines that should result in a sentence different from that
described."[20]   In practice, departures "[we]re unavailable in most [cases]"—including in Jackson's.[21]
Accordingly, on January 22, 2001, the Court sentenced Jackson principally to 235 months'
imprisonment on each of the two counts, the terms to run concurrently, and five years of supervised
release on each count, those terms also to run concurrently.[22]

   Jackson appealed from the judgment, arguing in part that this Court's determination
that he was an armed career criminal—by virtue of the escape and other convictions—had been

---

[18]
  U.S. Sentencing Guidelines Manual § 4B1.4(a) (2000).

[19]
  18 U.S.C. § 3553(b) (2000).

[20]
  *Id.*

[21]
  *Booker*, 543 U.S. at 234; DI 88 Ex. A, at 26 ("I am not prepared to say that a departure is
appropriate here; I think it is not.").

[22]
  DI 43.

6

erroneous.   The Second Circuit, however, rejected that argument and affirmed the conviction.[23]
Various collateral attacks were unsuccessful.

Jackson's projected release date is December 10, 2017.

*Subsequent Developments and the Present Application*

In 2005, the Supreme Court decided *United States v. Booker*[24] in which it struck
down, under the Sixth Amendment, two provisions of the Sentencing Reform Act that had the effect
of making the Guidelines mandatory for sentencing judges.   As a result, the Guidelines became
advisory.  Although the Supreme Court held that *Booker* applied to all cases on direct review at the
time, it was not given retroactive effect for cases on collateral review.   In other words, defendants
like Jackson—whose sentences were imposed in violation of the Sixth Amendment, as the Supreme
Court subsequently made clear, but whose direct appeals had been completed before *Booker*—were
not entitled to have their sentences vacated or corrected on the basis of *Booker*.

Ten years later, the Supreme Court decided *Johnson* in which it struck down the
ACCA's residual clause as unconstitutionally vague.[25]   After *Johnson*, Jackson moved the Second
Circuit for an order authorizing this Court to consider a second or successive Section 2255 motion
on the ground that he was sentenced as an armed career criminal based on the now unconstitutional
residual clause of the ACCA.  The Second Circuit granted Jackson's motion on December 28, 2015,

---

[23]
       *United States v. Jackson*, 301 F.3d 59 (2d Cir. 2002), *cert. denied*, 539 U.S. 952 (2003).

[24]
       543 U.S. 220 (2005).

[25]
       135 S. Ct. at 2561.

and, on January 12, 2016, Jackson moved to vacate his sentence pursuant to Section 2255.[26]   While Jackson's motion was pending, the Supreme Court decided *Welch v. United States*[27] in which it held that *Johnson* announced a new substantive rule that applies retroactively on collateral review.   That is to say, Jackson is entitled to the benefit of *Johnson* in his present application.

## Discussion

### Legal Standard

Relief under Section 2255 is appropriate if the movant can show, among other things, that his "sentence was imposed in violation of the Constitution or laws of the United States," or "that the sentence was in excess of the maximum authorized by law."[28]   Jackson has shown both.

### Timeliness of the Present Application

Typically, a movant must bring a Section 2255 motion within one year of the date on which the judgment of conviction becomes final.[29]   Where the basis for relief is a newly recognized right, however, a movant has one year from "the date on which the right asserted was initially recognized by the Supreme Court" in which to file.[30]   Jackson's motion falls into the latter

---

[26]   DI 85.

[27]   *Welch v. United States*, 136 S. Ct. 1257 (2015).

[28]   28 U.S.C. § 2255(a).

[29]   28 U.S.C. § 2255(f)(1).

[30]   *Id.* § 2255(f)(3).

category and is timely because it was filed within one year of the *Johnson* decision.[31]

*Analysis*

        It is undisputed that Jackson's conviction for escape no longer can be considered "a violent felony" because it so qualified only under the unconstitutionally vague residual clause of the ACCA.  Accordingly, the parties agree that Jackson, if sentenced today, (1) would not receive a sentencing enhancement under the ACCA because he would not have had three previous convictions for violent felonies, and (2) would face no mandatory minimum, and the statutory maximum sentence would be ten years' imprisonment and three years of supervised release on each of the two counts of conviction.  Based on those undisputed facts, Jackson argues that his sentence should be vacated for two reasons.  But before enumerating those reasons, it is helpful to make clear what Jackson does *not* argue.

        Jackson does not contend that his sentence should be vacated on the ground that the Court incorrectly calculated his Guidelines range to be 235 to 240 months' imprisonment.  In other words, Jackson does not seek relief on the basis that the Court mistakenly enhanced his sentence under the Armed Career Criminal provision of the Guidelines, Section 4B1.4.[32]  His application rests on different grounds.

---

[31]      The Court decided *Johnson* on June 26, 2015, and Jackson filed his Section 2255 motion on January 12, 2016.

[32]      Nonetheless, the government addresses this argument in its papers.  DI 88, at 13-16.  It contends that *Johnson*'s effect on the calculation of Jackson's Guidelines range—*i.e.*, the increase from 100 to 125 months to 235 to 240 months by virtue of Section 4B1.4 of the Guidelines—is procedural and not retroactive on collateral review.  Because the Court concludes that Jackson is entitled to relief on different bases, it does not reach the issue.

First, Jackson contends that his sentence was "imposed in violation of the Constitution" since it was "based upon the unconstitutionally vague residual clause."[33]  Second, he argues that the sentence imposed—two concurrent terms of 235 months' imprisonment, followed by two concurrent terms of five years' supervised release—exceeds "the maximum authorized by law," *i.e.*, the statutory maximum prescribed by 18 U.S.C. § 924(a)(2).[34]

Although the government concedes that Jackson's sentence rests on a statute later held unconstitutional, it nonetheless argues that he is not entitled to relief.  In the government's view, Jackson's 235-month sentence was and is lawful because it does not exceed the statutory maximum sentence the Court could have imposed (and could reimpose today) notwithstanding the ACCA enhancements.[35]  That is to say, the Court could have achieved a lawful 235-month sentence—*i.e.*, without exceeding the 120-month statutory maximum on each count—by imposing 120 months on Count One and 115 months on Count Two (or vice versa), those terms to run consecutively.  The Court is unpersuaded.

The government relies on a number of pre-*Booker* cases in support of the proposition that relief under Section 2255 is not appropriate where the same sentence could be reimposed.[36]  That reliance, however, is misplaced.  Each of those decisions hinged on the fact that the Guidelines range for the defendant would remain the same on remand and, under the then-mandatory

---

[33]    DI 92, at 17.

[34]    *Id.*

[35]    DI 88, at 11-12; DI 96.

[36]    DI 96, at 3-6.

Guidelines regime, Section 5G1.2 of the Guidelines would have required that the sentences run consecutively to achieve a within-range sentence.  In Jackson's case, however, the Guidelines now are advisory, not mandatory.  On remand, the Court would not be required to sentence Jackson within the Guidelines range of 235 to 240 months' imprisonment.  Moreover, nothing would compel the Court to run consecutively Jackson's sentences on each count of conviction.  Accordingly, those cases do not support the government's argument.

The government relies also on *Olten v. United States*.[37]  In *Olten*, the Eighth Circuit determined that Section 2255 relief may be inappropriate where the same sentence "could be re-imposed were [the movant] granted the . . . relief he requests."[38]  *Olten* is distinguishable from this case, however, for three principal reasons: (1) Jackson's entire sentence could not properly be reimposed; (2) Jackson is entitled to relief on constitutional *and* statutory grounds, whereas the only ground for relief for Olten was statutory in nature; and (3) this Court would not, even if it permissibly could, reimpose the same sentence on Jackson—a sentence it called "a very harsh result"—whereas the district court in all likelihood would have reimposed the same sentence in Olten's case.

*Reimposition of Jackson's Entire Sentence*

Jackson's entire sentence could not properly be reimposed on remand.  In addition to the 235-month concurrent terms of imprisonment, Jackson was sentenced to five years of supervised release on each count of conviction.  The statutory maximum length of supervised release

---

[37]
565 F. App'x 558 (8th Cir. 2014).

[38]
*Id.* at 561.

without the ACCA enhancement is three years.[39]   Where a defendant is convicted of multiple counts, the terms of supervised release run concurrently.[40]   In consequence, the Court could not reimpose a supervised release term of five years.

### Constitutional v. Statutory Grounds for Relief

The Eighth Circuit concluded in *Olten* that the movant was not entitled to relief on constitutional grounds.   Rather, the only avenue for relief available to Olten was a claim that his sentence exceeded the statutory maximum.   On direct appeal, Olten did not challenge the district court's determination that he was an armed career criminal under the ACCA.[41]   In consequence, he did not raise that argument in his Section 2255 motion.[42]   Instead, Olten argued (in addition to his claim that his sentence exceeded the statutory maximum) that his sentence should have been vacated because his attorney provided ineffective assistance by not objecting to the classification of his prior convictions as violent felonies under the ACCA.[43]   The Eighth Circuit rejected that argument, thereby foreclosing any constitutional basis for relief.

Jackson's situation is different.   Unlike Olten, Jackson did challenge on direct appeal this Court's determination that he was an armed career criminal, and he raised that issue in his

---

[39]

*Compare* 18 U.S.C. § 3559(a), *with* 18 U.S.C. § 3583(b).

[40]

*See* 18 U.S.C. § 3624(e).

[41]

*Id.* at 559.

[42]

*See id.*

[43]

*Id.* at 560-61.

Section 2255 motion as well.  In other words, Jackson's case presents two independent grounds for relief under Section 2255 as compared to Olten's one: Jackson's sentence "was imposed in violation of the Constitution" because it was based upon the ACCA's unconstitutionally vague residual clause *and* his sentence exceeded the statutory maximum authorized by Section 924(a)(2).  Thus, even if the Court were to reject Jackson's statutory claim on the ground that his sentence could be reimposed in such a way to avoid exceeding the statutory maximum, that would leave open the possibility that Jackson would be entitled to relief on the ground that his sentence was imposed in violation of the Constitution—an alternative basis under Section 2255.

*Likely Result on Remand*

In denying Olten relief under Section 2255, the Eighth Circuit relied on the fact that the same sentence could have been "reimposed were [Olten] granted the § 2255 relief he request[ed] by imposing consecutive terms of imprisonment for the two counts of conviction."[44]  Nor was that a speculative possibility.  The sentencing court had "expressly stated that it was sentencing [Olten] at the top of his advisory Guidelines imprisonment range . . . because it viewed the facts as extreme and believed a longer sentence was appropriate due to the threat he posed to the community."[45]  In other words, the Eighth Circuit inferred from the district court's statements during sentencing that it likely would have reimposed the same aggregate term of imprisonment on remand given the circumstances.

The facts here are different.  The Court recognizes that the government is correct that

---

[44]     *Id.* at 561 (internal quotation marks omitted).

[45]     *Id.*

a total prison sentence of 235 months could be reimposed.  But unlike Olten, Jackson was sentenced to the shortest term of imprisonment the Court could give him under the sentencing regime that applied when he was sentenced.  Indeed, the Court observed that the sentence imposed on Jackson was "a very harsh result."[46]  Thus, even if Jackson's 235-month term of imprisonment *could* be reimposed, nothing in the record suggests that it *would*.

* * *

Section 2255 provides relief for any movant whose "sentence was imposed in violation of the Constitution" or "was in excess of the maximum authorized by law."[47]  Here, Jackson's sentence was both.  His sentence was imposed in violation of the Constitution because the Court at the time was obliged to apply the unconstitutionally vague residual clause of the ACCA.[48]  Additionally, his sentence on each count of conviction—235 months' imprisonment and five years of supervised release—exceeded the statutory maximum authorized by Section 924(a)(2): ten years' imprisonment and three years of supervised release.  Accordingly, the Court rejects the government's position on the facts of this case.

---

[46]    DI 88 Ex. A, at 26.

[47]    28 U.S.C. § 2255(a) (emphasis added).

[48]    DI 88 Ex. A, at 14-16.

14

*Conclusion*

For the reasons stated above, Jackson's motion to vacate his sentence pursuant to Section 2255 [DI 85] is granted.   The Court orders that Jackson be produced for resentencing on May 15, 2017, at 3:00 p.m.

SO ORDERED.

Dated:        March 29, 2017

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)